# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Crim. Action No. SA-18-CR-653-XR |
| | § | |
| NICHOLAS DENZEL DELGADO, | § | |
| *Defendant*. | § | |

## ORDER

On this day came on to be considered the Government's Motion to Dismiss the indictment in this case, Defendant's Motion to Suppress (dkt. no. 36) and Supplemental Motion (dkt. no. 40).

On or about March 22, 2018, San Antonio Police Det. F. Ramos signed an affidavit for search warrant wherein he stated that he had received information from a credible and reliable source that an individual known as "Nick" was selling cocaine at 326 Vine Street, San Antonio, Texas. A police data base and a photo reviewed thereafter confirmed the identity of "Nick" as Nicholas Delgado, who was a documented member of the Wheatly Courts Texas Blood. Det. Ramos further stated in the affidavit that surveillance was established at 326 Vine and noted that Delgado was observed entering and leaving the residence without assistance and was using a key to enter the premises. A second individual, Ryan Collins, was also observed arriving to the location on multiple occasions. Other individuals were also observed

entering and leaving the premises after a brief time, consistent with illegal drug sales. The affidavit further noted that crack cocaine had been previously seized at that location.

Based on the affidavit, a Magistrate signed a search warrant, authorizing the search of the residence for cocaine and the arrest of any persons there who were found to be in possession of any controlled substance.

On March 22, 2018 at 1:30 a.m., fourteen SWAT officers executed the warrant. The execution of the warrant was captured on various body cams worn by the officers. A number of officers walk up the driveway to get to the front door. Other officers walk towards the back of the house.

Two officers pass a dog that was restrained on a leash. Officer Noriega stated, "watch the dog." Immediately thereafter, Officer Mascorro fires three shots. The dog died.

Thereafter, the officers yell "police" and "search warrant" and simultaneously push open the front door, break a window and throw a flash bang grenade on one side of the house and do the same at the other side of the house.

Defendant sought suppression of the contraband seized at the home arguing that the military-style assault, use of flashbang grenades and breaching devices, and the killing of the dog constitutes excessive force and unreasonable law enforcement actions.

Defendant also argued that the search warrant and accompanying affidavit did not mention any exigent circumstances to circumvent the "knock and announce" requirement, nor did the affidavit mention that weapons were located at the premises, such that the "military-style" assault would be justified.

The Government in response seeks leave of court for the dismissal of the indictment claiming that there "is insufficient evidence to proceed to trial at this time" and seeks dismissal in the interests of justice. The Government's motion is GRANTED.

Generally, this Court would generally just sign the form Order for Dismissal submitted by the Government. The Court, however, writes this Order to express its concern about how this warrant was executed. The killing of the dog appears to be arbitrary and unnecessary. It was leashed and no barking was heard. Further, although the number of officers and use of the flash bang devices may have been warranted, no evidence was submitted that justified the use of such tactics. The appropriate supervisory officials in this case should undertake a review of the tactics used in this case and implement any remedial, corrective or disciplinary measures as appropriate.

## Conclusion

The Government's motion for dismissal of the indictment is GRANTED (dkt. no. 41). All other pending motions are denied as moot.

SIGNED this 25th day of February, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE